UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY MAYES

          **Plaintiff,**               **CIVIL ACTION NO. 05-CV-74386-DT**

    vs.

                           **DISTRICT JUDGE GERALD E. ROSEN**

**CITY OF OAK PARK**
**et al,**                   **MAGISTRATE JUDGE MONA K. MAJZOUB**
          **Defendants.**
_____/

**OPINION AND ORDER GRANTING IN PART, DENYING IN PART, DEEMING
WITHDRAWN IN PART, AND HOLDING IN ABEYANCE IN PART
DEFENDANTS' MOTION FOR PROTECTIVE ORDER (DOCKET # 16)**

**I.       PROCEDURAL HISTORY**

On August 7, 2006 Defendants filed a Motion for Protective Order (Docket # 16). Plaintiff responded to Defendants' motion on August 25, 2006.  District Court Judge Gerald E. Rosen referred said motion to the undersigned for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A).  The parties appeared through counsel for oral arguments on October 17, 2006.  Defendants' motion is now before this Court.

**II.      LAW AND ANALYSIS**

Plaintiff sued Defendants for violating his civil rights alleging that they terminated him as a Public Safety Officer because he is disabled and African-American.  In their pending motion, Defendants seek an order striking numerous discovery requests  served upon them by Plaintiff and quashing a subpoena served upon representatives of CLEMIS, a data management facility operated by the Oakland County Sheriff's Department.

Defendants categorize Plaintiff's discovery requests into five topics: (1) racial profiling; (2)

performance evaluations of non-party officers; (3) review of police car videos and logs belonging to non-party officers; (4) discipline records of non-party officers; and (5)  miscellaneous, unspecified Requests that Defendant objects to solely for being overly broad.

### A.   General Legal Standard

Protective orders are generally available pursuant to Rule 26(c) upon a showing of good cause. When justice so requires, a protective order may issue to protect a party from embarrassment, oppression, or undue burden and expense.  Fed. R. Civ. P. 26(c).  All discovery is subject to the limitations set forth in Federal Rules of Civil Procedure 26(b)(2).

### B.   Racial Profiling

In several discovery requests, Plaintiff seeks the production of documents related to the alleged use of racial profiling by Defendant City of Oak Park in connection with its ticketing and arrest policies.  The specific discovery requests at issue here are: (1) Plaintiff's 2nd Request for Admissions dated 6/29/05 numbers 1-8; (2) Plaintiff's 7th Request to Produce Documents dated 7/27/06 numbers 1-4, 8-15; and (3) Plaintiff's Request for Production of Documents contained within the CLEMIS subpoena.  (Defs.' Mot. Prot. Order at Exs. C at 5-7; G at 3-7; and I).

#### 1.   Plaintiff's 2nd Request for Admissions

In Plaintiff's 2nd Request for Admissions numbers 1-8, Plaintiff asks Defendants to admit that in 2003 and 2004 a certain percentage of minorities were ticketed or arrested by the City of Oak Park Police Department.  Federal Rules of Civil Procedure 36(a) states in pertinent part that a request for admission will be deemed:

> admitted unless ··· the party to whom the request is directed serves
> upon the party requesting the admission a written answer or
> objection addressed to the matter . . . If objection is made, the
> reasons therefore shall be stated. The answer shall specifically
> deny the matter or set forth in detail the reasons why the answering
> party cannot truthfully admit or deny the matter.  . . .when good faith

> requires that a party qualify an answer or deny only a part of the
> matter . . . the party shall specify so much of it as is true or qualify
> or deny the remainder.

Fed. R. Civ. P. 36(a).

On July 7, 2006 Defendants answered Plaintiff's Admission Requests numbers 1 through 8 with a written denial and general objection. Defendants now come before this Court seeking an Order to Strike Plaintiff's Admissions Requests numbers 1 through 8 and a Protective Order . (Defs.' Mot. for Prot. Order at Ex. N) (Docket # 26). No argument for "good cause" is advanced by Defendants and no legal authority is offered for the proposition that Plaintiff's Requests for Admissions should be stricken and a Protective Order should be made available to Defendants under these circumstances. The Court concludes that "good cause" does not exist to strike Plaintiff's Requests for Admissions after Defendants have denied each and every one of them in their written responses dated July 7, 2006. Therefore, the Court **DENIES** Defendants' Motion for Protective Order as to Plaintiff's Requests for Admissions numbers 1-8.

### 2.    Plaintiff's 7th Request for Production of Documents

In Plaintiff's 7th Request for Production of Documents numbers 1-4 and 8-15, Plaintiff seeks documents related to the form of traffic citations issued by the Oak Park Police Department and the percentage of minorities ticketed and arrested in the City of Oak Park. Defendants primarily object to these Requests as being irrelevant and overly broad. Plaintiff alleges that he was terminated for failing to meet his ticket and arrest quotas and that he was consequently pressured into falsifying his reports in order to meet those quotas. Plaintiff contends that the requested documents are relevant to prove that his falsification of reports was justified because the only other means by which he and other officers could meet their quotas was to engage in racial profiling. Defendants argue

3

that these requests are not relevant to the claims asserted in Plaintiff's complaint, namely discrimination and disparate treatment based on race and disability.

The Court agrees that Plaintiff's request for documents related to racial profiling are not relevant to the claims currently alleged in Plaintiff's Complaint.  The Court further concludes that although Request number 1 may be arguably more relevant to Plaintiff's current claims, it is nevertheless overly broad in that it encompasses "any and all union grievances dealing with . . . performance evaluations" without limitations of time or scope.  Lastly, the Court finds that Requests numbers 8, 9, 11, 13, 14 and 15 are not proper document requests but are more properly characterized as Interrogatories.

Based on the foregoing, the Court hereby **GRANTS** Defendants' Motion for a Protective Order as to Plaintiff's 7th Request to Produce Documents numbers 1-4 and 8-15 and **ORDERS** that these Requests be **STRICKEN**.

### 3.      CLEMIS Subpoena

Defendants also seek to quash a third party subpoena served upon representatives of CLEMIS wherein Plaintiff seeks statistical information regarding the percentage of minorities arrested and/or ticketed in City of Oak Park.  In their initial pleadings, none of the parties addressed the issue of whether Defendants have standing to quash this third-party subpoena.  At the October 17, 2006 hearing, defense counsel indicated a desire to further brief the standing issue.  The Court concludes that supplemental briefing would benefit the Court.

Therefore, the Court **HOLDS IN ABEYANCE** Defendants' Motion for a Protective Order to the extent it relates to the CLEMIS subpoena until it receives supplemental briefing on the standing issue.  The Court **ORDERS** the parties to file their supplemental briefs on this issue **on or before October 27, 2006.**

### C.        Performance Evaluations of Non-Party Officers

Defendants further seek to strike Plaintiff's 4th Request for Production of Documents dated 6/15/06 number 3, which seeks the evaluations of non-party officers which were scored by Defendant Martinelli.  (Defs.' Mot. Prot. Order at Ex. D).  Defendants contend that this Request seeks irrelevant information and is burdensome but that they have nonetheless provided Plaintiff with a composite which details the scores given to non-party officers by Defendant Martinelli. Due to privacy concerns, Defendants redacted the officers' names.

Plaintiff asserts that a review of other officers' evaluations scored by Defendant Martinelli is necessary to establish whether racial bias motivated Defendant Martinelli to pursue the investigation that led to Plaintiff's termination.  Plaintiff also contends that the Defendants' composite is insufficient and that a review of the actual evaluations is necessary to determine, at a minimum, the race of the officers and the method by which Defendant Martinelli calculated each officers' score.  Plaintiff also seeks the names of the officers so that they may later be deposed.

Based upon the parties' arguments and pleadings, the Court concludes that Plaintiff's Request number 3 is reasonably calculated to lead to admissible evidence that  the alleged reasons for Plaintiff's termination were pretextual.  Furthermore, the Court finds that the production of the actual evaluations at issue is not unduly burdensome and that the composite previously provided by Defendants is not fully responsive to Plaintiff's Request.  However, the Court concludes that Plaintiff has not demonstrated a current need for the personal identifiers of the officers evaluated.

Therefore, the Court **DENIES** Defendants' Motion for a Protective Order as to Plaintiff's 4th Request for Production of Documents number 3 and **ORDERS** Defendants to produce the evaluations at issue **on or before November 16, 2006** with the names and other personal identifier information (addresses, social security numbers, dates of birth, witness or spouse names)  of the officers redacted.

The Court further **ORDERS** the parties to revisit the protective order filed on March 24, 2006 (Docket # 10) to determine if it adequately encompasses the documents at issue in this Request and, if necessary, to file a proposed, mutually agreed upon *amended* protective order **on or before October 27, 2006.**

### D.   Review of Police Car Videos and Logs of Non-Party Officers

Plaintiff's 6th Request to Produce Documents dated 6/27/06 numbers 2, 3, and 4 seek documents related to whether Defendants reviewed the police car videos and corresponding logs of other non-party officers.  (Defs.' Mot. Prot. Order at Ex. F). Defendants assert that they have already produced the requested documents in response to a previous discovery request and that Request numbers 2, 3 and 4 are merely duplicitous.

Based upon the parties' discussion on the record at the October 17, 2006 hearing, the Court agrees that Plaintiff's Requests number 2-4 are duplicitous.  Furthermore, the Court concludes that Requests numbers 3 and 4 are not proper document Requests but are more properly characterized as Interrogatories.

Therefore, the Court **GRANTS** Defendants' Motion for a Protective Order as to Plaintiff's 6th Request to Produce Documents numbers 2, 3 and 4 and **ORDERS** that these Requests be **STRICKEN**.

### E.   Discipline Records of Non-Party Officers

Plaintiff's 3rd Request to Produce Documents dated 6/29/05 numbers 3-7 and Plaintiff's 7th Request to Produce Documents dated 7/27/06 numbers 5-7 seek documents  related to the discipline of four non-party officers.  (Defs.' Mot. Prot. Order at Exs. C and G).

#### 1.   Plaintiff's 3rd Request for Production of Documents numbers 3-6

Plaintiff's 3rd Request for Production of Documents numbers 3-6 relates to the

6

discipline of non-party Officers Hurt and Sloane.  Plaintiff asserts that these Requests are relevant to prove disparate treatment in that he was terminated while other officers were not.  Defendants assert that the discipline records of Officers Hurt and Sloane are not relevant because these officers did not commit offenses similar to that for which Plaintiff was terminated.  Defendants have provided the disputed disciplinary records to the Court for *in camera* review.  (Defs.' Mot. Prot. Order at Exs. J-M).

The Court's has reviewed the disciplinary records of Officers Hurt and Sloane as requested by Defendants.  While the evidence of these disciplinary proceedings, standing alone, may not ultimately prove sufficient to support Plaintiff's claim of disparate treatment or to defend against any future summary judgment motion, the Court cannot accept Defendants' conclusion that Plaintiff is categorically precluded from discovering these facts in order to develop his claims.

Based on the foregoing, the Court **DENIES** Defendants' Motion for a Protective Order as to Plaintiff's 3rd Request for Production of Documents numbers 3, 4, 5 and **ORDERS** Defendants to produce the documents responsive to these Requests **on or before November 16, 2006,** redacting any personal identifying information such as addresses, social security numbers, dates of birth, and witness or spouse names.

The Court also **ORDERS** that the issue regarding confidentiality of the documents in this Request be addressed, if necessary, in the proposed, mutually agreed upon *amended* protective order to be filed pursuant to this Order.

### 2. <u>Plaintiff's 3rd Request for Production of Documents number 7</u>

Plaintiff's 3rd Request for Production of Documents number 7 pertains to the termination of non-party Officer Spadefore.  Defendants assert that although Officer Spadefore was terminated for an offense similar to that for which Plaintiff was terminated, the requested documents are not relevant because Officer Spadefore's termination took place after Plaintiff was terminated.  Plaintiff contends

that he is nevertheless entitled to see these documents should Defendants attempt to use Officer Spadefore's termination as evidence at trial.

Based upon the parties' arguments and pleadings presently before the Court, the Court concludes that Plaintiff's Request number 7 seeks documents that are not likely to lead to relevant or admissible evidence and further seeks documents outside of the relevant time period. Therefore, the Court **GRANTS** Defendants' Motion for a Protective Order as to Plaintiff's 3rd Request for Production of Documents number 7 and **ORDERS** that this Request be **STRICKEN**.

### 3.      Plaintiff's 7th Request for Production of Documents numbers 5-7

Plaintiff's 7th Request for Production of Documents numbers 5-7 seek information about the City of Oak Park's disciplinary policy/procedure on the illegal use of explosives and the discipline of an unnamed officer for the alleged use of illegal explosives. At the October 17, 2006 hearing, defense counsel informed the Court that he has already provided documents to Plaintiff regarding the officer's discipline in response to a previous discovery request and that the officer was not disciplined based upon the use of explosives. Plaintiff did not dispute defense counsel's representation. Defense counsel also stated that he was not aware of any disciplinary policy for the City of Oak Park that pertains to the use of explosives.

Based upon the parties' arguments at the October 17, 2006 hearing, the Court hereby **GRANTS** Defendants' Motion for a Protective Order as to Plaintiff's 7th Request for Production of Documents numbers 6 and 7 as duplicitous and irrelevant and **ORDERS** that these Requests be **STRICKEN**.

The Court however **DENIES** Defendants' Motion for a Protective Order as to Plaintiff's 7th Request for Production of Documents number 5 and **ORDERS** Defendants to amend their response to this Request **on or before November 16, 2006** to specifically state that the City of Oak Park has no

disciplinary policy or procedure regarding the illegal use of explosives, in a manner consistent with the representations of defense counsel at oral argument.

**F.      "Overly Broad" Miscellaneous Requests**

In their Motion, Defendants also seek to strike a number of unspecified discovery Requests for Production of Documents in which Plaintiff uses the phrase "any and all" or "not produced by Defendants".  At the hearing, Defendants informed the Court that they wished to withdraw this portion of their Motion.  Therefore, the Court deems this portion of Defendants' Motion for Protective Order **WITHDRAWN**.

**G.      Plaintiff's Request for Sanctions**

Plaintiff asks this Court to impose sanctions upon Defendants asserting that their motion for a protective order is baseless.  Based upon the Court's foregoing Order, the Court cannot agree with Plaintiff's assertion.  Therefore, the Court, in its discretion, **DENIES** Plaintiff's request for sanctions.

**IT IS SO ORDERED.**

**Notice to the Parties**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: October 2, 2006                   s/ Mona K. Majzoub
                                         **MONA K. MAJZOUB**
                                         **UNITED STATES MAGISTRATE JUDGE**

## **PROOF OF SERVICE**

I hereby certify that a copy of this order was served upon Counsel of Record on

this date.


Dated: October 26, 2006                    s/ Lisa C. Bartlett_____
                                           **Courtroom Deputy**