UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ANTHONY MAYES**

        **Plaintiff,**                    **CIVIL ACTION NO. 05-CV-74386-DT**

vs.

                                **DISTRICT JUDGE GERALD E. ROSEN**

**CITY OF OAK PARK**
**et al,**                                    **MAGISTRATE JUDGE MONA K. MAJZOUB**
        **Defendants.**
_____/

**OPINION AND ORDER GRANTING IN PART**
**DEFENDANTS' MOTION FOR PROTECTIVE ORDER (DOCKET # 16)**

**I.**      **PROCEDURAL HISTORY**

On August 7, 2006 Defendants filed a Motion for Protective Order (Docket # 16). Plaintiff responded to Defendants' motion on August 25, 2006. District Court Judge Gerald E. Rosen referred said motion to the undersigned for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). The parties appeared through counsel for oral arguments. The Court subsequently issued an Order (Docket # 27) wherein the Court granted in part, denied in part, deemed withdrawn in part, and held in abeyance in part, Defendant's Motion for Protective Order. As part of that Order, the Court held in abeyance its decision as to whether Defendants had standing to challenge Plaintiff's non-party subpoena until the Court received supplemental briefing from the parties. The parties have filed their supplemental briefs. Defendants' motion for a protective order as to the subpoena at issue is now before this Court.

**II.**      **LAW AND ANALYSIS**

Plaintiff sued Defendants for violating his civil rights alleging that they terminated him as a Public Safety Officer because he is disabled and African-American. In their Motion for Protective Order, Defendants seek an order precluding the discovery at issue in Plaintiff's subpoena served upon

nonparty representatives of CLEMIS, a data management facility operated by the Oakland County Sheriff's Department.

Plaintiff contends that Defendants do not have standing to challenge the CLEMIS subpoena, citing to *Hadix v. Caruso*, 2006 WL 2865506 *1 (W.D. Mich. 2006), in which the Court held that the defendants had no standing to quash a subpoena directed to a non-party under Federal Rules of Civil Procedure 45. Rule 45 does not clearly indicate who may seek to quash a subpoena under its provisions. Rather, it provides, in part, that" "[o]n timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it . . . requires disclosure of privileged or other protected matter and no exception or waiver applies" or if it "subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iii), (iv). Defendants have not shown that Plaintiff's subpoena discovery request seeks privileged or protected material or that it would impose an undue burden upon them.[1] Therefore, had Defendants actually sought to quash the subpoena under Rule 45, the Court would be compelled to deny their motion.

However, Defendants have not sought to quash the subpoena pursuant to Rule 45 but rather they seek a protective order under the provisions of Federal Rules of Civil Procedure 26(c). *See Auto-Owners Insurance Co. v. Southeast Floating Docks, Inc*, 231 F.R.D. 426, 429-30 (M.D. Fl. 2005); *In re Ashworth, Inc.*, 2002 WL 33009225 *1-2 (S.D. Cal. 2002).[2] Protective orders are generally available pursuant to

---

[1] Defendants would clearly lack standing to quash the subpoena on the basis of undue burden to the CLEMIS representatives because the representatives have not objected to the subpoena on those grounds. *See* 8 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, *FEDERAL PRACTICE AND PROCEDURE CIVIL 2D*, § 2035 (a party may not seek an order to protect a third party's rights that have not been asserted by that third party).

[2] While unpublished cases have no precedential value, they often carry persuasive weight. Thus, the court may consider unpublished cases as persuasive authority although not controlling authority. *See Bell v. Johnson*, 308 F.3d 594, 611 (6th Cir. 2002);

Rule 26(c) upon a showing of good cause. When justice so requires, a protective order may issue to protect a party from embarrassment, oppression, or undue burden and expense. Fed. R. Civ. P. 26(c). Furthermore, all discovery is subject to the limitations set forth in Federal Rules of Civil Procedure 26(b). "Discovery of matter 'not reasonably calculated to lead to discovery of admissible evidence' is not within the scope of Rule 26(b)(1)." *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 352, quoting Fed. R. Civ. P. 26(b)(1). Plaintiff does not challenge Defendants standing to seek a protective order under Fed. R. Civ. P. 26(c).

Defendants assert that Plaintiff's subpoena request seeks information that is not reasonably calculated to lead to admissible evidence in that it does not pertain to a claim within, or defense to, the instant complaint. Plaintiff's subpoena request seeks statistical information related to the alleged racial profiling used by Defendant City of Oak Park. In its prior Order (Docket # 27), this Court granted Defendants' Motion for a Protective Order as to Plaintiff's 7th Request to Produce Documents numbers 1-4 and 8-15 finding that these Requests, which also sought information related to the alleged use of racial profiling by Defendant City of Oak Park in connection with its arrest and ticketing policies, were not relevant to the claims or defenses asserted in Plaintiff's complaint. Plaintiff did not file objections to this Order. Therefore, for the same reasons articulated in the Court's prior Order, the Court concludes that the documents at issue in Plaintiff's Subpoena Request for Production of Documents are irrelevant and **GRANTS** Defendants' Motion for a Protective Order as to the information the subpoena seeks.[3] Based upon the foregoing, the Court also **DENIES** Plaintiff's request

---

*United States v. Webber*, 208 F.3d 545, 552 (6th Cir. 2000).

[3] Plaintiff has attached an exhibit that Plaintiff alleges proves that police officers employed by Defendant Oak Park engage in racial profiling in order to meet their quotas. Plaintiff further asserts that Defendants have waived their right to object to any discovery

for sanctions.

**IT IS SO ORDERED.**

### Notice to the Parties

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: January 22, 2006                s/ Mona K. Majzoub
**MONA K. MAJZOUB**
**UNITED STATES MAGISTRATE JUDGE**


### PROOF OF SERVICE

I hereby certify that a copy of this order was served upon Counsel of Record on this date.

Dated: January 22, 2006                s/ Lisa C. Bartlett
**Courtroom Deputy**

---

seeking information related to racial profiling because they provided this document to Plaintiff in discovery. Plaintiff cites to no authority for his argument. Furthermore, it is not known when or why the exhibit to which Plaintiff refers was produced by Defendants, who have consistently argued that the requested documents are irrelevant. The Court therefore finds that Plaintiff's waiver argument lacks merit.