UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY MAYES,

       Plaintiff,                CIVIL ACTION NO. 05-CV-74386-DT

 VS.                             DISTRICT JUDGE GERALD E. ROSEN

CITY OF OAK PARK,        MAGISTRATE JUDGE MONA K. MAJZOUB
et al.,
       Defendants.
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH COURT ORDER AND
MOTION TO COMPEL DISCOVERY**

Before the Court is Plaintiff's Motion to Compel Compliance with Court Order and Motion to Compel Discovery filed on January 5, 2007. (Docket no. 36). Defendants have filed a Response brief. (Docket no. 41). Plaintiff has filed a Reply brief. (Docket no. 45). Judge Rosen referred this motion to the undersigned for determination under 28 U.S.C. § 636(b)(1)(A). (Docket no. 37). The Court dispenses with oral argument pursuant to E.D. Mich. L.R. 7.1(e)(2). The matter is therefore ready for ruling.

I.      **Facts and Procedural History**

This is an employment discrimination action by a former City of Oak Park police officer. Plaintiff first seeks an Order from this Court compelling Defendants to comply with the earlier Order of this Court entered on October 26, 2006 which resolved several discovery issues. (Docket no. 27). Plaintiff also seeks an Order to Compel Defendants to respond to Plaintiff's Tenth Request to Produce served on November 29, 2006. The discovery cut-off date was November 30, 2006. (Docket no. 25).

In the Order of October 26, 2006 this Court ordered Defendants, with respect to the discipline records of two non-party officers, to "produce the documents . . . redacting any personal identifying

information such as addresses, social security numbers, dates of birth, and witness or spouse names." (Docket no. 27 at 7). Defendants produced the documents but redacted the names of the police officers, such as the names of the authors and recipients, other than the two disciplined officers. Plaintiff argues that this degree of redaction is not compliant with the Court's Order.

**II.     Motion to Compel Compliance with Court's Order**

The Court finds that Defendants complied with the earlier Order. The names that Defendants redacted fall within the category of "personal identifying information" that the Court ordered redacted. This conclusion is supported by the Court's direction earlier in that Order when considering the performance evaluations of non-party officers, for Defendants to redact "the names and other personal identifier information (addresses, social security numbers, dates of birth, witness or spouse names) of the officers redacted." (Docket no. 27 at 5). The Court in that section mentioned officer names because the parties' disagreement was over whether Defendants had properly redacted the officers' names. In contrast, the parties disagreed on the general relevancy of the information concerning the discipline records. Thus, the Court in its Order did not mention "names" as a specific example of personal identifying information. Nevertheless, names are included in that category.

Moreover, in the earlier order the Court ordered Defendants to redact officer names because Plaintiff had not demonstrated a need for the personal identifiers of the officers evaluated. (Docket no. 27 at 5). Plaintiff has also failed to demonstrate a need for the personal identifiers of the authors and recipients of the discipline records. Finally, Defendants have provided to Plaintiff a chart revealing for each document its author and recipient. (Docket no. 41, ex. A). Plaintiff argues that it needs the unredacted document rather than a chart. However, the Court is not persuaded. Plaintiff has the information requested although not in the form it wishes. Plaintiff's motion for an order to compel Defendants to comply with the October 26, 2006 Order will therefore be denied.

**III.     Response to Plaintiff's Tenth Request to Produce and Request to Admit**

The Court finds that Plaintiff's second motion to compel has merit.  Plaintiff served its Tenth Request to Produce and Requests to Admit on Defendants on November 29, 2006.  (Docket no. 36 at 8).  Plaintiffs therefore initiated this discovery request before the discovery cut-off date of November 30, 2006.  Although Plaintiff served his Requests only a day before the deadline, he complied with the Court's Scheduling Order which requires that "all discovery . . . be initiated in advance of the discovery cut-off date."  (Docket no. 9 at 2).  Defendants objected to the nine Request to Produce and six Requests to Admit on December 27, 2006 with the same refrain.  Defendants objected "to the extent that the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought prior to the close of discovery."  (Docket no. 36, ex. 6).  There is no basis for this objection because Plaintiff initiated the discovery requests before the discovery cut-off date.  Defendants contend that Plaintiff must give them time to answer the Requests before the cut-off date.  However, they provide no authority for such an interpretation of the Scheduling Order.  The Court therefore rejects the only objection Defendants made to Plaintiff's Tenth Request to Produce.  In their Response brief Defendants argue that some of Plaintiff's Requests are cumulative and duplicitous.  Because Defendants did not raise these objections within the thirty-day period allowed for responding, the Court will not hear them now.  *Mackey v. IBP, Inc.*, 167 F.R.D. 186, 206 (D. Kan. 1996) (untimely objection to request to produce waived); *Godsey v. United States*, 133 F.R.D. 111, 113 (S.D. Miss. 1990) (applying general rule that discovery objections waived if party fails to timely object).  Plaintiff's Motion to Compel Defendants to respond to his Tenth Request to Produce will be granted.  The Court declines to award sanctions to either party.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Compliance with Court Order and Motion to Compel Discovery (docket no. 36) is **GRANTED** to the extent that Defendants

3

are ordered to respond fully and completely to Plaintiff's Tenth Request to Produce within twenty (20) days of the entry of this Order, and otherwise Plaintiff's Motion is **DENIED.**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: January 30, 2007              s/ Mona K. Majzoub
                                     MONA K. MAJZOUB
                                     UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: January 30, 2007              s/ Lisa C. Bartlett
                                     Courtroom Deputy