UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY MAYES,

                Plaintiff,                No. 05-CV-74386-DT

vs.                                              Hon. Gerald E. Rosen

CITY OF OAK PARK, et al.,

                Defendants.
_____/

ORDER DENYING PLAINTIFF'S
MOTION FOR AMENDMENT OF PLEADINGS

      At a session of said Court, held in
      the U.S. Courthouse, Detroit, Michigan
      on September 12, 2007

      PRESENT:  Honorable Gerald E. Rosen
                         United States District Judge

      This matter is presently before the Court on Plaintiff's "Motion for Amendment to Pleadings by Leave of Court." By this motion, Plaintiff seeks leave to amend his Complaint to add a number of paragraphs setting forth the allegations made by another Oak Park police officer, Ray Gobeyn, who is not a party to this action, in a letter Gobeyn wrote to department supervisors on April 21, 2000, i.e., more than four years prior to the events giving rise to Plaintiff's termination, complaining that Oak Park police officers

1

made traffic stops based upon the race or sex of the driver,[1] and two paragraphs in which Plaintiff Mayes alleges:

> 51. In order to meet the evaluation number required by the city of Oak Park, Plaintiff was forced to engage in racial profiling in order to maintain his employment status.
>
> 52. Plaintiff however refused to engage in racial profiling and therefore was improperly terminated by the City of Oak Park.

[Proposed Amended Complaint, Motion Ex. 4.]

However, Plaintiff's proposed allegations that he was forced to engage in racial profiling and was terminated because he refused to engage in this alleged practice is wholly contrary to what Plaintiff testified to ***under oath*** at his deposition:

> Q: Did anyone tell you that if you didn't racial profile you would get fired?
>
> **A: No.**

Plaintiff's 6/14/06 Dep., p. 69; *see also*, pp. 52-53:

> Q: What's the nature of the mistreatments that you believe [Deputy Director] Bauer directed toward you?
>
> * * *
>
> A: He called me in the office about Gobeyn's letter . . . so I went to tell him that, you know, officers in Oak Park do profile. . . .

---

[1] The record evidence adduced during discovery in this case, however, established that when Gobeyn's allegations were investigated at the time that they were made, Gobeyn admitted having no facts to back up his allegations of racial profiling. *See* John McNeillance Dep., p. 39; Bruce Smith Dep., pp. 46-47.

* * *

Q: Did anything happen as a result of that? . . .

**A: No, sir.**

Given Plaintiff's sworn deposition testimony and the evidence adduced during discovery, the Court finds that Plaintiff's proposed amendment would be futile and borders on sanctionable.[2]

Plaintiff states in his motion that Magistrate Judge Majzoub invited him to amend his Complaint in her October Order 26, 2006 Order Granting, in part, Denying, in part, and Holding in Abeyance, in part, Defendants' Motion for Protective Order. The Magistrate Judge granted the Defendants' Motion for a Protective Order finding that discovery requested by Plaintiff was not relevant to claims within, or defenses to, the Complaint.[3] Plaintiff did not object to the Magistrate Judge's rulings. But now, he

---

[2] Rule 11 of the Federal Rules of Civil Procedure renders it sanctionable to present to the court a pleading containing allegations or factual contentions lacking evidentiary support. *See* Fed. R. Civ. P. 11(b)(3), (c).

[3] Plaintiffs sought production of documents related to the form of traffic citations issued by the Oak Park Police Department and the percentage of minorities ticketed and arrested in the City of Oak Park. He argued before the Magistrate Judge that he was pressured into falsifying his reports in order to meet his quotas. Plaintiff argued that the requested discovery was relevant to prove that his falsification of reports was justified because the only other means by which he could meet his quotas was to engage in racial profiling. The Defendants argued that the discovery requested was not relevant to the claims asserted in, or defenses to, Plaintiff's complaint, namely discrimination and disparate treatment based on race and disability, and the Magistrate Judge agreed. *See* 10/26/06 Order, pp. 3-4 ("The Court agrees that Plaintiff's request[s] for documents related to racial profiling are not relevant to the claims currently alleged in Plaintiff's Complaint.") and 1/22/07 Order, p. 3 ("In its prior Order (Docket # 27) this Court granted

moves to amend his complaint apparently believing that the amendment proffered will entitle him to the discovery he was previously denied.

Given that Plaintiff was given an extended 11-month period of discovery prior to filing his motion to amend, and given that the factual contentions alleged by Plaintiff in his proposed Amended Complaint are not warranted by the evidence adduced during that extended period of discovery and, in fact, are contradicted by Plaintiff's own sworn deposition testimony, the Court finds that justice does not require amendment of Plaintiff's Complaint.

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Plaintiff's Motion for Amendment of Pleadings (Docket # 29) is DENIED.

s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

Dated: September 12, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 12, 2007, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager

---

Defendants' Motion for Protective Order as to Plaintiff's 7th Request to Produce Documents. . . finding that these Requests, which also sought information related to the alleged use of racial profiling were not relevant to the claims or defenses asserted in Plaintiff's complaint. . . . [F]or the same reasons articulated in the Court's prior Order, the Court concludes that the documents at issue in Plaintiff's Subpoena Request [served upon representatives of CLEMIS] for Production of Documents are irrelevant. . . .")